UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL WINFIELD, | No. 2:13-cv-1370 AC P |
| Plaintiff, | |
| v. | ORDER |
| JACOB ADAMS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned. ECF No. 10.

Three Strikes

The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

1

physical injury.

28 U.S.C. § 1915(g).

The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three).  See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir.1999).  This court has previously found plaintiff to be barred from proceeding is a civil rights action pursuant to 28 U.S.C. § 1915(g).  In Winfield v. Davis, No. 2:12-cv-2387 WBS AC P,[1] of which the undersigned takes judicial notice,[2] plaintiff was determined to be foreclosed under § 1915(g) from proceeding in forma pauperis.[3]  See Findings at Recommendations at ECF No. 5 (adopted by Order in Case No. 2:12-cv-2387 at ECF No. 8). Initially noting that as of October 2012, plaintiff had filed 37 cases since 1991, the following cases were set forth as qualifying strikes:

> Winfield v. Davis, Case No. 2:03-cv-0101 FCD PAN P - June 9, 2003 case dismissed for failure to state a claim under 42 U.S.C. § 1983.
>
> Winfield v. Katcher, et al., Case No. 2:03-cv-2064 GEB GGH P - June 24, 2005 case dismissed for plaintiff's repeated failure to state a claim.
>
> Winfield v. Downing, Case No. 2:06-cv-0391 GEB JFM P - March 16, 2007 case dismissed for plaintiff's failure to state a claim upon which relief may be granted. Appeal dismissed for failure to prosecute on July 13, 2007.
>
> Winfield v. Suliven, et al., Case No. 2:07-cv-0828 LKK EFB P - April 16, 2008 case dismissed for plaintiff's failure to state a claim.

Id. at 2-3.

Accordingly, unless plaintiff can meet the "imminent danger of serious physical injury exception" in the allegations of the instant complaint, plaintiff will not be able to proceed in this action absent payment of the full filing fee at the outset.  To meet the exception, plaintiff must

---

[1] At the time, Judge Hollows was assigned as the magistrate judge.
[2] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).
[3] It was noted therein that the Ninth Circuit held in Silva v. Di Vittorio that a district court strike was not final until resolution of any appeal.  658 F.3d 1090, 1098-99 (9th Cir. 2011).

have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir.2007) ("it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception under § 1915(g))"; see also, Abdul–Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir.2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir.1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir.1998); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir.1998) (per curiam).

Plaintiff's original complaint, filed on July 10, 2013, names as defendants a Dr. Jacob Adams at California Medical Facility (CMF) and Darel Katcher, allegedly a district court judge. In that would-be complaint, plaintiff incoherently alleges that defendant Adams "is trying to renew Kehea out of perjury beens my medical records testify that I am allergic to all psych drugs . . . ." ECF No. 1 at 3. Subsequently, plaintiff filed a scrawled note seeking to dismiss D. Katcher as a defendant but name instead a Judge William Hoover.[4]  ECF No. 9.  This filing does not purport to be an amended complaint and would not suffice as one.

Further confusing this case, plaintiff filed an amended complaint form which has been placed in the docket of this case but which names wholly different defendants: VU or VII, K. Ruiz, A. Lewis and NDU, and is concerned with plaintiff's claims that these defendants are telling lies and slandering him regarding his dayroom use and showing favoritism to others, in an alleged effort to provoke plaintiff so that they can harm him physically.[5]  ECF No. 6.

None of these submission comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)).  Plaintiff's scattershot, garbled

---

[4] The Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983. Pierson v. Ray, 386 U.S. 547 (1967). A judge is "subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872).

[5] With respect to plaintiff's allegations of slander, "[s]ection 1983 requires [plaintiff] to demonstrate a violation of federal law, not state law." Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007).

3

allegations do not come close to providing defendants such notice.  Moreover, nowhere does he frame a cognizable claim.  Plaintiff's claims, as framed, are sufficiently frivolous that the court would be justified in summarily dismissing his allegations.

However, the court will afford plaintiff one opportunity to show cause, within thirty days, why he should be permitted to proceed in forma pauperis in this action.  Specifically, plaintiff must demonstrate how, at the time of the filing of this action, he was subject to an imminent danger of serious physical injury by the alleged misconduct of defendant Adams.  In the alternative, plaintiff may submit the filing fee in full in order to proceed in this action.[6]

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff must show cause, within thirty days, why he should be allowed to proceed in this action in forma pauperis by demonstrating that he was in imminent danger of serious physical injury at the time of the filing of the instant complaint;

2.  Alternatively, should he not be able to make such a showing, plaintiff may submit the statutory filing fee of $350.00 within thirty days to proceed in this action.

DATED: September 12, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
winf1370.osc

---

[6] Should plaintiff either meet the requisite imminent danger exception or pay the filing fee in full at the outset, he would only be permitted to proceed if he presents colorable claims in a further amended complaint.  The court must rule on plaintiff's request for in forma pauperis status before proceeding to screening and consideration of amendment.