UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL WINFIELD,<br><br>        Plaintiff,<br><br>    v.<br><br>JACOB ADAMS, et al.,<br><br>        Defendants. | No.  2:13-cv-1370 AC P<br><br><br>ORDER |

      Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has consented to the jurisdiction of the undersigned.  ECF No. 10.

      By Order filed on September 12, 2013, plaintiff was informed that the court must rule on his request for in forma pauperis status before proceeding to screening and consideration of amendment.  ECF No. 11.  In the September 12th order, the court identified four of plaintiff's prior cases that qualified as "strikes" under the "three strikes" provision of 28 U.S.C. § 1915(g).  Id. at 1-2.  Plaintiff was therefore directed to show cause, within thirty days, why he should be allowed to proceed in this action in forma pauperis by demonstrating that he was in imminent danger of serious physical injury at the time of the filing of the instant complaint.  In the alternative, plaintiff was directed to submit the statutory filing fee of $350.00 within thirty days in

1

1 order to proceed in this action. Id. at 4. In addition, because plaintiff's filings to date had failed
2 to comply with Rule 8 of the Federal Rules of Civil Procedure, the court noted that should
3 plaintiff either satisfy the imminent danger exception or pay the filing fee, he would be permitted
4 to proceed only if he presented colorable claims in a further amended complaint. Id., n. 6.

5       To meet the "imminent danger" exception, plaintiff was informed that he must have
6 alleged facts that demonstrate he was "under imminent danger of serious physical injury" at the
7 time of filing the complaint. See ECF No. 11, at 2-3, citing Andrews v. Cervantes, 493 F.3d
8 1047, 1053 (9th Cir.2007) ("it is the circumstances at the time of the filing of the complaint that
9 matters for purposes of the 'imminent danger' exception under § 1915(g))"; see also, Abdul–
10 Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir.2001); Medberry v. Butler, 185 F.3d 1189,
11 1192-93 (11th Cir.1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir.1998); Banos v. O'Guin,
12 144 F.3d 883, 884 (5th Cir.1998) (per curiam).

13       Plaintiff has failed to satisfy this standard. Instead, he has filed numerous "notices" that
14 refer to his "55 million dollar lawsuit" and identify individuals who have "slander[ed]" him and
15 whom he wishes to name as defendants. See ECF Nos. 12-19. Plaintiff had previously been
16 informed with respect to his allegations of slander that "[s]ection 1983 requires [plaintiff] to
17 demonstrate a violation of federal law, not state law." Galen v. County of Los Angeles, 477 F.3d
18 652, 662 (9th Cir. 2007). ECF No. 11, n. 5. Plaintiff makes only the scantiest, most conclusory
19 and formulaic allegations that he presently faces imminent danger. He makes no showing
20 whatever that he was under imminent danger at the time of filing his complaint. The complaint
21 itself claims that Dr. Adams made false statements in relation to a requested court order for
22 involuntary psychiatric medication. Plaintiff alleges that he is "allergic to all psych drugs," ECF
23 No. 1 at 3, but provides no facts that indicate he faced serious physical injury should he be
24 medicated.

25       Because plaintiff has failed to demonstrate that he was in imminent danger of serious
26 physical injury at the time he filed the instant complaint, his request to proceed in forma pauperis
27 must be denied. The court will grant plaintiff one further opportunity to submit the statutory
28 filing fee of $350.00. There will be no further extension of time. Failure to submit the filing fee

timely will result in dismissal of this action.

Accordingly, IT IS ORDERED that:

1. Because he is barred from proceeding in forma pauperis in this action by the "three strikes" provision of 28 U.S.C. § 1915(g), plaintiff's request to proceed in forma pauperis is denied;

2. Plaintiff shall have thirty days from the date of this order to submit the $350.00 filing fee;

3. There will be no extension of time. Failure to submit the filing fee timely will result in dismissal of this action.

DATED: March 19, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE